POWELL, J.
Carey B. Paul, late of this county, died January 11, 1901, intestate. He left five children surviving him, and a widow, Sarah C. Paul. The five children were the children of a former marriage and were not the children of the widow, Sarah C. Paul. He left a large estate which passed, under the statutes of descent and distribution, to his widow and children in their statutory proportions.
Sarah C. Paul, the widow, died December 30, 1915, intestate and without issue, possessed of a large amount of personal property which came to her from her deceased husband on distribution of his estate.
Petitions were filed by four of the children of said Carey B. Paul, deceased, asking the direction of the court, to the effect that they are entitled to the share of the estate of said Sarah C. Paul, deceased, for distribution, which came to her from her former deceased husband, their father.
One of said children, Frank C. Paul, did not join as plaintiff and was made defendant to the action. The issue was made up by the filing of an amended petition, the answer thereto of the defendants, Frank Brown and Anne E. Carpenter, and F. M. Marriott as special administrator of the estate of said Sarah C. Paul, deceased, and the reply thereto of the plaintiffs. The case was submitted to the court of common pleas upon the admissions of fact contained in the pleadings, and upon such admission a judgment was entered in favor of the defendants. Motion for a new trial was filed and overruled. A petition in error was filed in this court with a transcript of the proceedings had in the court of common pleas.
The queston presented for adjudication is as to how such property in the possession of said Sarah C. Paul should be distributed under the statutes of descent and distribution. The claim of the children of Carey B. Paul is that the distribution of such property as Sarah C. Paul owned at the time of her death, that came to her from the estate of Carey B. Paul, passes and descends under the provisions of Sec. 8577 G. C. to the five *612 children of the said Carey B. Paul in equal proportions; while the defendants, Frank Brown and Anne E. Carpenter, as brother and sister of the said Sarah C. Paul, and the defendant, F. M. Marriott, as administrator of her estate, claim that the entire personal estate of the said Sarah C. Paul passes and descends to the said Frank Brown and Anne E. Carpenter as her next of kin, without reference to the source from which such property came to her, under the provisions of Sec. 8578 G. C. which by reference requires all property that passes by virtue of said section to be distributed according to the classification prescribed by Sec. 8574, but subject, “however, to such right as a widow or widower may have to any part of such personal property. ’ ’
So much of Sec. 8577, as is applicable to the question here involved reads as follows:
‘' Section 8577. When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former husband or wife by deed or gift, devise or bequest, or under the provisions of section eighty-five hundred and seventy-four, then such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children.”
Section 8578, or so much thereof as is applicable to this case, reads as follows:
“Section 8578. When a person dies intestate and leaves personal property, it shall be distributed in the manner prescribed in section eighty-five hundred and seventy-four, as to real property which came not by descent, devise or deed of gift from an ancestor; saving, however, such right as a widow or widower may have to any part of such personal property.”
Applying the provisions of Sec. 8577 to the case now under discussion, we have:
1. ■ Sarah C. Paul is the relict of a deceased husband, Carey B. Paul, both dying intestate and without issue.
2. She was possessed of a large amount of money and other personal property which came to her from such former deceased husband under the statutes of descent and distribution.
3. “Such estate, real and personal, shall pass to and vest in the children of such deceased husband, or the legal representa *613 tives of such children,” if the same came to her from her deceased husband’s estate “by deed of gift, devise or bequest, or under the provisions of section eighty-five hundred and seventy-four.”
It is contended in the briefs of counsel that said Sarah C. Paul did not come into possession of said money by deed of gift, devise or bequest, or under the provisions of See. 8574, therefore the provisions of Sec. 8577 do not apply. By Sec. 8578 G. C. the title to personal property of an intestate passes on distribution of his estate, by the course of descent prescribed by See. 8574, subject, however, to such right as a widow or widower may have in the personal property of such decedent. This would include any right which a widow or widower would have in the personal property of the deceased consort. This saving clause would indicate that a widow or widower, relict of a former deceased husband or wife, has other rights in the personal property of such deceased consort than are to be found in Sees. 8578 and 8574, and that a widow’s rights as defined by these two sections are such other rights as are exempted from the operation of said two sections. By Sec. 8574, a widow, relict of a deceased husband, is entitled to all the personal property of said deceased husband for distribution if there are no children or legal representatives of children of such deceased husband. This is the only provision made by Sec. 8574 for the benefit of such widow, and it is the opinion of the court that this is the provision to which reference is made in Sec. 8577 as to property which came to such intestate under the provisions of said See. 8574.
In such case, too, where the widow or widower takes the whole estate of such intestate by virtue of See. 8574, she takes it as next of kin of such intestate (See. 8592 G. C.). When there are children surviving, the widow does not take as next of kin. Such children are next of kin of such intestate and take the whole of the personal property to the exclusion of the widow, so far as the independent provisions of See. 8574 are concerned, but they take it even under said section subject to such other rights as the widow may have by other provisions of the statute. By virtue of See. 8592, the widow takes as next of kin of her deceased husband all the personal property subject to distribution *614 on settlement of the estate, provided there are no children of such intestate surviving. This is the same provision that is made for her by See. 8574. But Sec. 8592 goes further and prescribes what she shall have if her deceased husband left children sur-, viving him. In such event she is ‘ ‘ entitled to one-half of the first four hundred dollars and to one-third of the -remainder of the personal property subject to distribution.” As said above she does not take this share as next of kin, but is entitled to it, as we think, solely by operation of said statute, Sec. 8592. Doyle v. Doyle, 50 Ohio St. 330 [34 N. E. 166].
Iier title to the property sought to be recovered in this action is a title solely by virtue of this statute and as a consequence resulting therefrom it does not descend or pass from her on distribution of her estate, under the direction of Sec. 8577, but does pass and descend under the provisions of Secs. 8578 and 8574 as directed by said Sec. 8578.
It follows, therefore, that as the property in her possession at her death, which came to her from her deceased husband, did not come to her by deed of gift, devise or bequest, or under the provisions of Sec. 8574, it does not pass on distribution of her estate, under Sec. 8577, but does pass generally under Secs. 8578, 8574 and 8592.
The judgment of the court of common pleas directing the distribution of said estate to the said defendants, Frank Brown and Anne E. Carpenter, as the brother and sister of said decedent, and to her administrator, was the proper judgment and decree to have been entered and should be affirmed by a reviewing court.
Judgment affirmed.
Houck and Shields, JJ., concur.